**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4084

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRIUS DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (CR-97-248-L)

Submitted: May 11, 2005                    Decided: May 26, 2005

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Demetrius Davis pled guilty, without the benefit of a plea agreement, to an indictment charging him with conspiring to distribute and to possess with intent to distribute "a quantity" of cocaine and cocaine base ("crack") and three substantive counts of distributing a total of fifty-five grams of crack cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2000). The court sentenced Davis to 210 months imprisonment. He has timely appealed.

At Davis' sentencing, the district court found, by a preponderance of the evidence--and over Davis' objection--that he was responsible for 1.5 kilograms of crack cocaine and adopted the presentence report's recommendation that Davis' sentence be enhanced by two levels for possession of a firearm. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2000). Davis objected to both sentencing enhancements based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the precursor to Blakely v. Washington, ___U.S.___, 124 S. Ct. 2531 (2004), and United States v. Booker,___U.S.___, 125 S. Ct. 738 (2005).

On appeal, Davis contends that his sentence violates the rules announced in both Blakely and Booker, which were decided while his direct appeal was pending. In Booker, the Supreme Court held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on

facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746, 756-57 (Breyer, J., opinion of the Court).

In light of Booker, we find that the district court erred in sentencing Davis. We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of Davis' sentencing. Accordingly, although we affirm Davis' conviction, we vacate his sentence and remand for proceedings consistent with Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED